UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CRIMINAL DIVISION

UNITED STATES OF AMERICA,     CASE NO. 00-6040-CR-ZLOCH

    Plaintiff,

vs.

DERRICK ANDERSON,

    Defendants.
_____/

### DEFENDANT'S OBJECTIONS
### TO PRESENTENCE INVESTIGATION REPORT
### AND REQUEST FOR DOWNWARD DEPARTURE

**Defendant, DERRICK ANDERSON,** by and through undersigned counsel, respectfully files the following objections and/or additions to the Presentence Investigation Report, and moves this Honorable Court to downwardly depart from the sentencing guidelines, and in support thereof would show:

A.    OBJECTIONS:

Role Assessment (Paragraph 11)

1.    Derrick Anderson qualifies for a reduction under Section 3B1.2, Mitigating Role. The Defendant's conduct falls between minimal and minor.

He is alleged to have brokered this transaction. He is less culpable than either of the co-defendants, both of whom intended to purchase cocaine for distribution and profit. Derrick Anderson, at eighteen (18) years of age, was solicited by Defendant Worrell to participate in this transaction. The Defendant sought payment for his school books. The minimal participant designation is infrequently used. Minor participation is the proper categorization for his involvement. A minor participant is any participant who is less culpable than most other participants, but whose role could not be described as minimal (3B1.2(b)). The Defendant is seeking the Court to reduce the offense level by three (3) levels. That adjustment should be inserted on Page 10, Line 19, which, in turn, would modify the adjusted offense level on Line 22 to reflect twenty-three (23) sentencing points and reduce the total offense level (Page 10, Line 26) to twenty (20) sentencing points.

2.  The Defendant has no objection to the description of the offense, offense conduct, victim impact, criminal history, offender characteristics or financial condition.

### Part D Sentencing (Page 15)

3.    Paragraph 56 should be corrected to reflect a total offense level of twenty (20) and a guideline imprisonment range of thirty-three (33) to forty-one (41) months.

B.    **DOWNWARD DEPARTURE**

### 5K1.1 - Substantial Assistance

1.    The Defendant is entitled to departure from the guidelines as a result of the substantial assistance he provided to the United States Attorney's Office and the Drug Enforcement Administration (5K1.1). The Court will find that the Defendant's assistance was significant and useful. His decision to cooperate led to both of the co-defendants entering guilty pleas to the indictment, rather than going to trial. The Defendant was truthful with the agents and with the Assistant United States Attorney in his debriefing and in assisting in the investigation of this matter. The Defendant put himself and his family at risk. One of the co-defendants, Worrell, has been a business neighbor of the Defendant's father for many years and presented a threat to the Defendant and/or his family. The Defendant made the decision to cooperate immediately after being placed under arrest. His efforts to cooperate were delayed for a short period of time because of a

change of counsel and the outbreak of chicken pox that quarantined his section of the jail for weeks. It is anticipated that the Government will be moving for a substantial reduction as a result of his assistance in the investigation and prosecution of the co-defendants.

### 5K2.12 - Coercion

2.  Discretionary departure is permitted if the Court finds that the Defendant committed the offense because of coercion or undue influence. The Defendant was eighteen (18) years of age, was persuaded by co-Defendant Worrell to participate in this drug transaction. The Defendant believed that co-Defendant Worrell would pay for the cost of his books, and part of his college tuition. This form of coercion is subtle, but it reflects domination by someone considerably older and more skilled than the Defendant.

### 5K2.0 -Totality of Circumstances

3.  All of the mitigating factors, when considered in their totality, warrant a downward departure from the sentencing guidelines for the Defendant, a first-time offender. The Defendant in this case immediately

provided substantial assistance; he accepted responsibility for his conduct; he was influenced to participate in this scheme by another; he is young, with no criminal history; he was involved in community activities, including volunteer work and church activities; and he has demonstrated post-arrest cooperation and rehabilitation. As a young, good looking man of teenage years, he is susceptible to greater abuse in prison than would someone who is stronger, more streetwise and more experienced in the criminal justice system.

### Post-Arrest Rehabilitative Efforts

4.  Letters have been provided to this Court that demonstrate the lesson learned as a result of this arrest. The Defendant is remorseful. His behavior throughout his childhood, and his post-arrest behavior, has been exemplary within his community, school and at home. The Defendant is working exceptionally hard never to return to the criminal justice system again. Society can benefit from the Defendant's rehabilitative efforts more so than by incarcerating him

### Aberrant Behavior

5. The Court has discretionary departure powers for behavior that is aberrant. Everything provided to this Court by the Defendant's family, school teachers, pastors, extended family and friends express shock over the Defendant's involvement. No one ever expected this from the Defendant, who was law-abiding and who was a trouble-free teen.

The Court should find that this was aberrant behavior, not likely to repeat itself. The Court should exercise its discretion and depart downwardly from the sentencing guidelines.

The Court should consider the convergence of all factors and take into account the totality of circumstances. The circumstances in this case are unique and were not taken into account when the Sentencing Commission formulated these guidelines. A downward departure is the proper action to take to render a fair sentence.

**WHEREFORE, Defendant, DERRICK ANDERSON,** files his objections to the Presentence Investigation Report and moves this Honorable Court for a downward departure at sentencing.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

mailed this 30th day of June, 2000, to the UNITED STATES ATTORNEY'S OFFICE, 299 East Broward Boulevard, Fort Lauderdale, Florida; and DEDRA PRATT, U.S. Probation, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

> TED CRESPI, P.A.
> Attorney for Defendant
> Prudential Plaza, Suite 218
> 1776 North Pine Island Road
> Plantation, Florida 33322
> Tele: (954) 475-7111
> Fax: (954) 475-7211
>
> By: _____
> TED CRESPI, ESQUIRE
> Florida Bar No. 437689

1288 Waterview Drive
Rockville Centre, NY 11570
Phone (516) 766-0123
June 15, 2000

The Hon. William J. Zloch
U.S. District Judge
Federal Courthouse Square
299 East Broward Boulevard
Fort Lauderdale, Florida 33301

Dear Judge Zloch,

My name is Lilleth Anderson, the mother of Derrick Anderson who was incarcerated on February 3, 2000 for alleged conspiracy charges. Derrick was raised all his life in the suburbs of Long Island, New York. Derrick as well as my other children were raised to believe in values such as respecting others, obedience, charity, and working hard to accomplish their future goals. Of all my children Derrick, mostly, has applied each teaching above, for that reason he is very well liked by everyone he encounters with.

Sir, we are a very close family therefore when we all learned of his arrest we were all devastated. I am still in shock and I wish it was a bad dream. Derrick is a good son and person; I often receive complements of how proud I should be for raising such beautiful children, especially Derrick.

I am so heartbroken due to his involvement. Our family has Christian values, we attend Kings Chapel of Hempstead Church regularly and we try to live and achieve the best we can.

When Derrick graduated from Malverne High School June 1999 him, his father, and I talked about him going out of state for a college education. We did not hesitate but suggested it would be best to be around family supervision that is why he went to Florida to Broward Community College and reside with his uncle, Everald Anderson.

Unfortunately, there was a significant absence of daily parental guidance and being eighteen, an age where many teenagers are subjected to and exposed to incorrect expressions. Because of the letters he wrote to his father and myself while in prison I am sure he realized he made a terrible mistake. He pleaded for forgiveness and promised he would never involve himself with any unlawful act as long as he lives. He also requested our prayers and said that he was praying to God to bestow upon us all the strength to endure everything that comes our way.

As a result of what has happened, our family is stronger than ever before. Our son has gained nothing from this mishap. Consequently, his curiosity and desire to help was his downfall. I am sure he learned many valuable lessons. Derrick now has a new perspective on life, as a matter

of fact; he mainly stays to himself. He is extremely remorseful about his actions and naïve involvement. Sir, should you decide to punish him for his actions, as a good parent, I pray that mercy and compassion be extended.

We plea for him to get a chance at pursuing a more acceptable lifestyle and to complete his college education in order to have a future while he prolongs the family's carpet business, *Derwyn Carpet Inc*. May God bless you.

Faithfully Yours,

Lilleth V. Anderson

87-15 204 St., Apt. B11
Holliswood, NY 11423

June 25, 2000

The Hon. William J. Zloch
U. S. District Judge
Federal Courthouse Square
299 East Broward Boulevard
Fort Lauderdale, Florida 33301

Dear Judge Zloch:

I have known Derrick Anderson for the past 15 years since I have lived with his family from the time that he was four years old until he was fifteen. Our mothers have known each for over thirty years and our families have had very close ties through the years. As a result of this, I have seen the close bond that Derrick shares with his family. I know that he was very discouraged by the fact that he did not have many opportunities to see or speak to his family while he was detained.

As a college graduate and certified New York City teacher, I have met several young people who have needed encouragement to see a bright future for themselves. Derrick has never been one of these people. As long as I have known Derrick, he has been a very hardworking person. He has worked with his father, helping him in his carpet business, for several years and has shown himself to be a very dedicated young man. While working with his father, he developed an interest in Business Management. He, in fact, went to Florida to attend Broward Community College with the intention of graduating with a Business degree. He hopes to return to school to finish his education and, at some point in the future, manage his father's business.

Knowing Derrick as I do, I was extremely shocked to learn that he had been arrested in connection with distributing drugs. Nothing in his history would have led me to believe that he would ever have found himself in this predicament. I am convinced that Derrick will never put himself in any situation that could lead to him being arrested again. I know that the time that he spent in jail has been one of the worst experiences of his young life, and is not an experience that he wants to repeat.

I truly believe that Derrick has learned a valuable lesson from his incarceration, and I know that if he is given the opportunity, he will rebuild his life and become a successful and contributing member of society. I pray that you will show leniency in Derrick's sentencing because I believe that he understands how breaking the law in any way can prevent him from fulfilling his dreams. Please give him the chance to show that he can excel in life.

Yours sincerely,

*Karen Ashby*

Karen Ashby

72 Newburgh St
Elmont, NY 11003
6/25/2000

The Hon. William J. Zloch
U. S. District Judge
Federal Courthouse Square
299 East Broward Boulevard
Fort Lauderdale, Florida 33301

Dear Judge Zloch:

Derrick is our nephew and we have known him since he was a baby. It was with utter shock and disbelief to hear that Derrick was charged with conspiracy. This incident has had a devastating effect on our family and through the hurt and pain it has in fact made us stronger and committed to one another. Derrick's parents are both hardworking respectable people with strong moral values.

Derrick has never been in trouble before and we have spoken to him about this incidence. He now realizes the situation he has put himself in as well as his family and he takes full responsibility for his actions. I truly believe he is sorry and regrets his naïve and stupid behavior. Sir, I am asking that mercy be tampered with justice for the sake of the young man who made a mistake. If he must be punished, please be lenient, so he can continue to pursue his education and become a productive member of society.

Sir, I am thanking you in advance for your consideration.

Yours truly,

Floyd & Marcia Haseley

Floyd and Marcia Haseley

Tony's Auto Body
99 North Centre Ave
Rockville Centre, NY 11552
Phone: (516) 536-1420
June 15, 2000

The Hon. William J. Zloch
U.S. District Judge
Federal Courthouse Square
299 East Broward Boulevard
Fort Lauderdale, Florida 33301

Dear Judge Zloch,

    Derrick Anderson has been known to me for the past 18 years and our families have had a prominent relationship for these many years. I have had the pleasure of watching Derrick grow to be a fine, ambitious, admirable, and industrious young man who always excels because of his determination.

    Derrick has worked at the above address for approximately 2 years learning the trade of body work. He has shown much diligence and dedication to this learning experience. He had acquired such likeness for this trade that he actually did a course of body work at a vocational school within the district. He has never reacted in any negative way, but has participated to his highest capacity.

    Everyone including myself was extremely shocked at the knowledge of Derrick's involvement. I know that had he given a second thought to his actions this would never have happened. I am confident that Derrick regrets breaking the law and he will not repeat such actions.

                                  Sincerely Yours,

                                  Elaine Birthright

# The King's Chapel of Hempstead
201 Baldwin Road
Hempstead, New York 11550
516-483-2452

Basil A. Chambers. Pastor
Residence: 516-338-4751

February 14, 2000

TO WHOM IT MAY CONCERN.

Re: Derrick Anderson of 1288 Waterview Avenue, Rockville Centre, NY 11570

It is the sincere request of the undersigned, having known Derrick Anderson for more than ten years, that I be permitted to express the following compliments on his behalf.

Further, I am grateful that the assurance offered by the efficiency of your Court System will allow due recognition and evaluation of the following statements.

The above captioned has been an industrious youth, working diligently with his father in the family's small carpet business for the financial independence of the family of five. It has been my observation and also that of the Sunday School Department of the above mentioned church that his deportment, participation and attendance have been notably positive in nature and in influence

His home and school environments have not made known any information to the contrary, in the scope of my knowledge, nor have his parents, who are members of my parish, made known any matters pertinent to him that are of concern. My personal impression is that he is a youth far above average in courtesy, industry and the desire to excel.

Sir, I respectfully request that the above compliments be featured in your capable determinations of all matters pertinent to his future and the future of his hardworking and caring family.

Sincerely,

*Basil A. Chambers* M. A., D. D
Pastor

*Repent and be baptized everyone of you in the name of Jesus Christ, for the remissions of sins.
and you shall receive the gift of the Holy Ghost — Acts 2:38*

TO WHOM IT MAY CONCERN

Derrick Anderson has been a member of the King's Chapel of Hempstead Sunday school for approximately ten years. I have had the privilege of being his teacher and have always been impressed with the exemplary behavior he demonstrates. Derrick is reliable and cooperative. His willingness to participate in class discussions and to make positive contributions to class activities makes him a valuable Sunday school member whose presence is keenly missed whenever he is not around. Derrick's strong sense of responsibility as well as his pleasing personality, have earned him the love and respect of those who know him well. He can be expected to do an outstanding job of whatever he undertakes.

Signed: *Poyser* 2/15/00

Joyce Poyser

22 Agnes Street
Freeport, NY 11520
February 15, 2000

To whom it may concern:

This is to verify that I have known Derrick Anderson for over ten years. The Anderson family has been a member of the King's Chapel of Hempstead in Hempstead, New York, and has made great contribution to the assembly.

Derrick has been a member of the Sunday School for all these years and has been a member of my Sunday School class for over 3 years. During this time, Derrick has proven himself to be someone of excellent character, ambitious, hard working and caring. Through his hard work, he has excelled in his efforts to succeed.

Derrick has never been known to be a problematic person, and has been given trophies for good behavior from the Sunday School Department. It is my belief that with his integrity and his determination to succeed, he will make an excellent contribution to society.

Sincerely yours,

*Sadie Foster*

Sadie Foster

**MALVERNE HIGH SCHOOL**
80 OCEAN AVENUE
MALVERNE, NY 11565

**Raymond S. Rodecker**
*Principal*
(516)887-6420

**Lebert J. Bethune**
Assistant Principal
(516)887-6429

February 14, 2000

To Whom It May Concern,

    Derrick Anderson has been known to me as a student at Malverne High School for the four years that he attended here, until his graduation in June of 1999. During the period Derrick was a youngster of excellent character and demonstrable academic temperament. His conduct, his bearing and his achievement, all bore witness to the solid family background and upbringing that supported him throughout his career at our school. His parents were regarded as active and well known participants in the Parent Association and in voluntary associations in the community.

    In commending Derrick to you I have no reservation, with regard to his basic, decency, his forthrightness, and to the thoughtful ambitiousness which characterized his time here at Malverne. I sincerely believe that provided the opportunity to grow and to excel, Derrick will ultimately become that which we as educators hope for in the best of our charges - a productive and contributing member of our society who will make a difference for the good of us all.

Sincerely,

Lebert Bethune

June 27, 2000

1703 Linden Park Place
Mitchellville, MD 20721

Hon. William J. Zloch
U.S. District Judge
Federal Courthouse Square
299 East Broward Blvd.
Ft. Lauderdale, Fl 33301

The Honorable William J. Zloch,

    I would first like to thank you for the consideration you've extended our family with the opportunity to illustrate the actual character of Derrick Anderson. Derrick Anderson is my brother-in-law. I have been married to his eldest sister Adele since February 20, 1998. Since meeting the Anderson family, I have found their family nucleus to be extremely stable and self-serving. In addition to the immediate family, the extended family members also provide positive reinforcement for the development of respect and acknowledgement for acceptable family and social values.

    Consequently, I was alarmed when I was notified of the pendency of criminal charges against Derrick and his involvement in the alleged incident. Based on my interactions with Derrick, I have always found him to be God-fearing, honest, hard working and driven to succeed in whatever tasks presented themselves. It is my firm belief that Derrick has always been studious, industrious and never to have been involved with ANY civil/criminal act in his 18 years of life. Thus, since Derrick's arrest, it has been quite difficult for the family to understand how Derrick allowed himself to be involved in such a serious predicament.

    Over the past (2) months, I have had the opportunity to intimately speak with Derrick after his incarceration and his first experience with processes of the judicial system. He fully recognizes the severity of his actions, the humiliation he has brought upon himself and his family and the possibilities of a long-term imprisonment. He realizes that his naiveté, vulnerability and poor judgement place him in a very precarious situation. However, I strongly believe that Derrick has learned an invaluable lesson from this unfortunate experience. His level of consciousness about undesirable people and situations is far greater than it was before this serious incident. He is more aware of his circle of friends and the potential of being manipulated, misled and used by persons with hidden motivations. Based on Derrick's upbringing and this horrifying episode, freedom, liberty, and life have a totally new meaning and dimension to Derrick's livelihood and welfare. I adamantly feel that Derrick has recognized the error his ways and would plea for the opportunity to prove to the judicial system, himself and his family that he has a better perspective on life and would like to maximize every possible opportunity to further his educational and career pursuits. Derrick's ultimate goal is to live up to the expectations that he has established for himself, his family and his church and to be an asset to his family, his community and to society.

Sincerely,

Christopher Sikes

Christopher Sikes

June 27, 2000

1703 Linden Park Place
Mitchellville, MD 20721

Hon. William J. Kloch
U.S. District Judge
Federal Courthouse Square
299 East Broward Blvd.
Ft Lauderdale, FL 33301

Honorable Judge William J. Zloch,

I am the eldest sister of Derrick Anderson, Adele Williams-Sikes. I am a financial/logistics manager for the Department of the Navy. I have known my brother all of his life and I am horrified that he is being charged with conspiracy. My brother is a hard working individual who is eager to learn and help people in need. I never thought my brother would be get into trouble with the law. In the past, I have tried to counsel/lecture my younger siblings on many decisions that they encounter such as school, friends, work and every day life. But after this experience, he has a new perspective on life. This experience has made him realize that being grown does not come with age but maturity. My brother, Derrick is very mature now. His eager to listen to people that is more knowledgeable than he is. He is more humble, eager to return to school and most importantly he is very careful about the company he keeps. He values his life as well as his family.

I deeply believe that the six weeks he spent in Federal prison allowed my brother to learn an invaluable lesson. Being around inmates, who were much older than he, made him realize that he is not a "man" and that he should savor his "youth adulthood" and maximize every opportunity that he has to better his life was. He is now more inclined to learn from other people's experiences/mistakes without having to undergo them himself. While he was in high school, there was a time when he worked two part-time jobs upon successfully completing. He understands that in order to become successfully in life, he has to put GOD first; work for a living; get an education; and stay out of trouble. My brother always wanted to go to college. While visiting me at college, he expressed to me that his ultimate desire would be to attend the same college- Morgan State University or Howard University in Washington D.C.

He was deeply saddened and remorseful while he was in prison. He saw how the inmates had wasted their opportunities on life and that made him value his freedom more than ever.

Your honor, I pray every night that you will be lenient with my brother. I feel that he is remorseful because of all that has happened and he will not return to criminal justice system representing the opposite side of the law. He is young and I personally feel that he deserves a second chance at life. Every day he is begging GOD for forgiveness. I would like to take this time to thank you for reading this letter.

Sincerely,

*Adele Williams-Sikes*

Adele Williams-Sikes

**MALVERNE HIGH SCHOOL**
80 OCEAN AVENUE
MALVERNE, NY 11565

Raymond S. Rodecker
*Principal*
(516)887-6420

Lebert J. Bethune
Assistant Principal
(516)887-6429

February 14, 2000

To Whom It May Concern,

    Derrick Anderson has been known to me as a student at Malverne High School for the four years that he attended here, until his graduation in June of 1999. During the period Derrick was a youngster of excellent character and demonstrable academic temperament. His conduct, his bearing and his achievement, all bore witness to the solid family background and upbringing that supported him throughout his career at our school. His parents were regarded as active and well known participants in the Parent Association and in voluntary associations in the community.

    In commending Derrick to you I have no reservation, with regard to his basic, decency, his forthrightness, and to the thoughtful ambitiousness which characterized his time here at Malverne. I sincerely believe that provided the opportunity to grow and to excel, Derrick will ultimately become that which we as educators hope for in the best of our charges - a productive and contributing member of our society who will make a difference for the good of us all.

Sincerely,

Lebert Bethune